WILLIAM E. CLARKE, APPELLANT, v. GEORGE W. FORBES AND OTHERS, APPELLEES.

**Mortgages:** PRIORITY OF LIEN: FRAUD. In 1870 F. executed a mortgage on certain real estate to the Omaha National Bank, which was recorded in January, 1874. In January, 1873, F. executed another mortgage upon the same property to C., his brother-in-law, as trustee for N., the father-in-law of C. and F., which was duly recorded. This mortgage was fraudulent as to creditors of F. In October, 1873, proceedings in bankruptcy were instituted against F. In April, 1874, while these proceedings were pending, F. obtained a letter from the president of the bank, addressed "to whom it may concern," stating that if F. could borrow $10,000 to $12,000 he could adjust his unsecured debts. This letter was presented to C., who loaned F. $5,000, N. surrendering to him the mortgage above described. A portion of this money was paid directly to the bank upon an unsecured debt against F. *Held*, that there being no testimony showing C. to have had knowledge of any fraud between F. and N., he took the mortgage free from that defense, and that the lien of the bank mortgage was subject to his.

THIS was an appeal by plaintiff from a decree rendered by SAVAGE, J., in the district court of Douglas county. The opinion contains a statement of facts sufficient to an understanding of the case.

*George W. Doane*, for appellant.

*George W. Ambrose* and *E. Wakeley*, for Omaha National Bank, appellee.

MAXWELL, CH. J.

On the 7th day of December, 1870, George W. Forbes executed and delivered to the Omaha National Bank a note for the sum of $19,399.08, secured by mortgage on real estate, the agreement between the parties being that the mortgage was not to be recorded for some time, to enable Forbes to make a further loan upon a portion of the real estate described in the mortgage. The mortgage in question was recorded on the 22d day of January, 1874.

In January, 1873, Forbes applied to the plaintiff, who is his brother-in-law, and a resident of Cleveland, Ohio, to negotiate a loan for him of the sum of $10,-000, and, to secure the payment of the same, executed a mortgage to the plaintiff upon certain real estate in the city of Omaha. This mortgage was recorded in February, 1873. During the summer of 1873 Forbes drew upon Clarke at various times to the amount of $10,000, all the money but $500 paid thereon being paid with money transmitted to Clarke by one Newton, the father-in-law of Forbes and Clarke. Newton at the time was in the employ of Forbes, and a considerable portion of the money transmitted by him appears to have belonged to Forbes.

On the 10th day of October, 1873, proceedings in bankruptcy were instituted against the firm of Forbes

& Hawzer, of which George W. Forbes was a member, and soon thereafter said firm were adjudged bankrupts.

In April, 1874, Forbes being anxious to relieve himself from these proceedings, undertook to raise a sufficient sum of money to effect a composition with his creditors, of which the Omaha National Bank was one for a considerable amount in excess of the amount due on the note and mortgage; and to aid him in doing so he obtained a letter from the president of the bank, addressed "to whom it may concern," stating that "Mr. George W. Forbes, the bearer hereof, one of the old settlers of Omaha, visits the east with the view of raising some means with which to free him from his difficulties. And, from the showing he has made me of his affairs, I am freely of the opinion that if he can raise ten to twelve thousand dollars he can at once settle all his unsecured debts. I shall aid Mr. F. all in my power to this end. Respectfully, Ezra Millard, president."

This letter is dated April 23, 1874, and was delivered to Forbes, who at once applied to Clarke to negotiate a loan for him. Clarke being unable to borrow money upon the securities offered, it was arranged between Forbes, Newton, and himself that he should loan Forbes $5,000—about $3,000 of his own money, and about $2,000 belonging to one Gardiner, Newton to surrender to Clarke the mortgage heretofore described, and that Forbes should furnish to Clark an additional $5,000, who should thereupon authorize the bank to draw upon him for the sum of $10,000. This arrangement was carried out, two drafts being drawn by the bank upon Clarke for $5,000 each, which were duly paid, the money being applied to the payment of the unsecured debts of Forbes, a portion of which was held by the bank.

In 1877 Clarke instituted proceedings in the district court of Douglas county to foreclose the mortgage in question. The bank answered the petition of plaintiff, setting up various defenses, which it is unnecessary to notice in detail, and claimed that the lien of the mortgage to the bank was prior to that of the plaintiff, and on the trial of the cause the court so found. The plaintiff appeals to this court.

Whatever the rights of the bank may be as against Forbes and Newton, there is an entire failure of testimony to show that the plaintiff had notice of any fraudulent collusion between them. This notice was necessary to make the defense of fraud available. So far as appears, the plaintiff is a *bona fide* purchaser, and in good faith paid his money for the mortgage in question, a considerable portion of the avails of which were paid to the bank upon Forbes' insecured debt. There is nothing in the objection that the mortgage to the plaintiff had fulfilled its purposes when assigned to Clarke for the money loaned. This is not a case where the mortgage had been satisfied and kept on foot as security for a new loan. If such was the case the defendant's position would be correct, and the lien have ceased absolutely. But in the case at bar, while the words "sale" or "sold" are not used, it is clear that the transfer from Newton to Clarke was in fact a sale, and that he is now the owner of the mortgage. The equities of the case are clearly with the plaintiff. The judgment of the district court in regard to the priority of liens is therefore reversed, and the lien of the bank made subject to that of the plaintiff.

JUDGMENT ACCORDINGLY.